UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 32BJ                                        :

                                                     :     ORDER
                Plaintiff,

                                                     :     23 Civ. 8403 (AT) (GWG)
   -v.-
                                                     :

ALLIED CLEANING AND MAINTENANCE              :
CORP. et al.,
                                                     :

                Defendants.       :
------------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      In this action, plaintiff "seeks to confirm and enforce a labor arbitration award" against several defendants. See Complaint to Enforce Arbitration Award, filed Sept. 22, 2023 (Docket # 1), ¶ 1 ("Compl."). However, only one of these defendants, Allied Cleaning and Maintenance Corp., was a party to the arbitration proceeding. See id. ¶¶ 14, 17; Opinion and Award, annexed as Ex. D to Docket # 35 (Docket # 35-4). While plaintiff argues that the other defendants "constitute a single employer and are alter egos of each other," Plaintiff Service Employees International Union, Local 32BJ's Memorandum of Law, filed Dec. 19, 2023 (Docket # 32) ("Mem."), at 1, plaintiff does not provide any case law indicating that the Court can reach such an argument in the instant case.

      The Second Circuit long ago held that "an action for confirmation [of an arbitrator's award] is not the proper time for a District Court to 'pierce the corporate veil.'" Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Panama, S. A., 312 F.2d 299, 301 (2d Cir. 1963). Case law thus holds that a court may not enforce an arbitration award against defendants that were not parties to the arbitration proceeding in an action seeking to confirm an arbitration award. See, e.g., Eletson Holdings, Inc. v. Levona Holdings Ltd., 2024 WL 532104, at *34 (S.D.N.Y. Feb. 9, 2024) ("If the prevailing party seeks to hold the alter ego responsible for the relief awarded by the arbitrator, it must do so through a separate action in court to pierce the corporate veil."); GE Transportation (Shenyang) Co. v. A-Power Energy Generation Sys., Ltd., 2016 WL 3525358, at *6 (S.D.N.Y. June 22, 2016) ("[E]ven if the alleged alter egos had been made parties to this action, the determination of alter ego liability would be inappropriate in the context of this action to confirm the arbitration award."); Leeward Const. Co. v. Am. U. of Antigua-College of Med., 2013 WL 1245549, at *1 (S.D.N.Y. Mar. 26, 2013) (dismissing petition to confirm arbitration award "without prejudice to [plaintiff's] filing a separate plenary action against [defendant not party to the arbitral award] to enforce the judgment against [the party to the arbitral award] it obtains here under an alter ego or other theory") (emphasis omitted), aff'd, 826 F.3d 634 (2d Cir. 2016).

Accordingly, the plaintiff is directed to address the question of whether the request to reach the alter ego defendants in this action complies with the rule expressed in Orion Shipping and the case law arising from it.  If plaintiff argues that the two types of claims — confirming the award and obtaining a judgment against the alter ego defendants — may be considered in a single proceeding, plaintiff should provide case law justifying such a course of action.  Additionally, plaintiff should address the basis for subject matter jurisdiction over the "plenary action," Leeward Const. Co., 2013 WL 1245549, at *1, against the alter ego defendants.  Finally, plaintiff should address whether the complaint in this case gave notice that it includes a separate claim that seeks a monetary judgment against the alter ego defendants.

Plaintiff may present these arguments by means of a letter or memorandum of law filed on or before April 16, 2024.

SO ORDERED.

Dated: April 2, 2024

New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge